MEMORANDUM OPINION AND ORDER
 

 SHADUR, Senior District Judge.
 

 Five physicians’ associations (“Associations”) have sued United States Department of Health and Human Services Secretary Donna Shalala- (“Secretary”) for declaratory and injunctive relief, describing their action this way in Complaint K1 (part of the section captioned “NATURE OF THE ACTION”):
 

 This action challenges the methodology used by the Secretary to implement a resource-based system for determining practice expense relative value units, which is one of three statutory components for determining the level of payments to physicians under the federal medicare program, 42 U.S.C. § [1]395
 
 et seq.
 

 [1]
 

 Earlier this month Secretary moved for dismissal of the action on several grounds, most fundamentally for the lack of subject matter jurisdiction.
 

 Although Associations then proceeded to file a Fed.R.Civ.P. (“Rule”) 56 motion for summary judgment (with appropriate supporting material called for by this District Court’s LR 56.1) rather than addressing Secretary’s threshold motion, this Court promptly gave Associations’ counsel a “first things first” oral directive requiring them to respond to the jurisdictional aspects of Secretary’s motion. On the very next day this Court, having just received and read the current issue of
 
 United States Law Week
 
 reporting the Supreme Court’s decision in
 
 Shalala v. Illinois Council on Long Term Care, Inc.,
 
 — U.S. -, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000), sent a letter to counsel for both sides requesting a submission from each of them as to any potential impact of that decision on the jurisdictional issues in this case.
 

 At this point both Associations’ Memorandum in Opposition to Defendant’s Motion To Dismiss (cited “Mem.”) and Secretary’s Supplemental Memorandum of Defendant in Support of Defendant’s Motion To Dismiss are in hand. Associations’ filing has proved totally unpersuasive, and hence Secretary’s motion to dismiss is indeed granted on jurisdictional grounds.
 

 Here are the relevant portions of 42 U.S.C. § 1395w-4 (hereafter cited “Subsection — “ or “Subparagraph — ,” omitting the just-listed portion of the statutory citation):
 

 Subsection (i) (1):
 

 There shall be no administrative or judicial review under section 1395ff of this title or otherwise of — ■
 

 Hi Hí H* sis H* Hí
 

 (B) the determination of relative values and relative value units under subsection (c) of this section____
 

 Subsection (c)(1)(B):
 

 
 *975
 
 In this section, with respect to a physicians’ service:
 

 %
 
 #
 
 t'.i %
 

 (B) The term “practice expense component” means the portion of the resources used in furnishing the service that reflects the general categories of expenses (such as office rent and wages of personnel, but excluding malpractice expenses) comprising practice expenses.
 

 Subparagraph (c)(2)(A)(i):
 

 (i) The Secretary shall develop a methodology for combining the work, practice expense, and malpractice relative value units, determined under sub-paragraph (C), for each service in a manner to produce a single relative value for that service.
 

 Subparagraph (e)(2)(C)(ii):
 

 For purposes of this section for each physicians’ service—
 

 (ii) The Secretary shall determine a number of practice expense relative value units for the service ... for years beginning with 1999 based on the relative practice expense resources involved in furnishing the service.
 

 As those relevant quotations from the statute plainly reflect, the cited determinations that the statute requires Secretary to make — and to make pursuant to the methodology required to be developed by Secretary — are precisely what Associations themselves describe as the subject matter of their challenge in Complaint 111 and in their Rule 56 motion. Associations do not (of course) dispute the existence of the congressional directive barring judicial review — instead they urge that their challenge does not run afoul of that bar.
 

 At the outset the principal straw man sought to be erected by Associations can and should be blown away by the wind of analysis. Mem. 4 urges the “strong presumption that Congress intends judicial review of administrative action,” quoting
 
 Bowen v. Michigan Academy of Family Physicians,
 
 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). But that judicial presumption comes into play only where there is a legitimate question as to congressional intent — or to put the matter a bit differently, it serves as a continuing reminder to Congress that if judicial review is indeed to be barred, Congress had better be pretty clear in saying so.
 

 Most importantly, there is no room for employing that presumptive approach where, as here, Congress has been so
 
 explicit
 
 in stating a prohibition against judicial review — federal courts are not, after all, superlegislatures entitled to invoke a generalized presumption to trump an express “hands off’ direction from Congress. Nothing in
 
 Michigan Academy
 
 or in
 
 McNary v. Haitian Refugee Ctr., Inc.,
 
 498 U.S. 479, 491-92, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991) (both sought to be called upon by Associations, and both speaking in the same presumptive terms in the absence of an express congressional mandate forbidding judicial review) alters that proposition. Nor does Associations’ Mem. 4 n. 7 effort to rotate the
 
 Illinois Council
 
 decision 180°, so that it is claimed to look in the direction of Association’s position rather than Secretary’s, carry any conviction. Instead, Secretary’s cross-submission as to
 
 Illinois Council
 
 demonstrates (as does a reading of the opinion itself) that if it has any impact here, it tends to support Secretary’s position and
 
 not
 
 that advanced by Associations.
 

 When Associations do turn from their generalizations regarding presumptions and actually get down to the specifics of this case, they attempt to set up a dichotomy between what they call nonreviewable matters (“six highly discretionary and infinitely debatable decisions that impact the fee schedule” (Mem.6-7)) and what they call reviewable matters (“non-discretionary decisions as to what types of expenses must be considered in setting relative values” (Mem.5)). By Associations’ lights,
 
 *976
 
 the “nonreviewable” category comprises only these specified items (Mem. 7 n. 8):
 

 These six decisions are the determinations of (1) the adjusted historical payment basis, (2) relative values, (3) relative value units, (4) conversion factors, (5) geographic adjustment factors, and (6) the coding system for each procedure. Section 1395w-4(i)(l)(A) — (E).
 

 But the obvious problem with that artificial construct is that it would impermissi-bly rewrite the statute. Again Subsection (i)(l)(B) expressly states that the congressional prohibition against judicial review extends to the
 
 totality
 
 of “the determination of relative values and relative value units under subsection (c) of this section.” And it simply will not do for Associations to say “Oh, we’re only challenging Secretary’s ‘decisions that must be made
 
 before
 
 the relative value and relative value unit determinations’ ” (Mem. 8, emphasis in original).
 

 After all, Associations’ acknowledged quarrel is with Secretary’s determination of “actual expenses”- in the course of determining “practice expense relative value units” — and both the “practice expense component” and “practice expense relative value units” are specifically made part of the subject matter of the selfsame Subsection (c) that is insulated from judicial review by Subsection (i)(l)(B). If Associations’ position were accepted, the congressional mandate against court intervention would be totally frustrated, because the opportunity for parties such as Associations to launch in-court attacks on the individual strands — the specific items — that are both integral to and essential components of the congressionally-protected determinations that Secretary must make would defeat her ability to make the determinations themselves..
 

 In short, just as was true in
 
 Illinois Council
 
 of a quite different provision of the Medicare statutes, Congress’ express prohibition against judicial review bars federal question jurisdiction here. That obviates any need to address Secretary’s alternative grounds for dismissal,
 
 [2]
 
 for (with rare exceptions) subject matter jurisdiction should be dealt with before any substantive considerations are looked at. By definition Associations’ Rule 56 motion is denied. This action is dismissed for lack of subject matter jurisdiction.
 

 [1]
 

 . To the identical effect, Associations' subsequent summary judgment motion has sought an order:
 

 declaring that the Secretary’s exclusion of actual expenses in her determination of the practice expense relative value units is arbitrary and capricious or otherwise contrary to law insofar as it excludes expenses related to clinical staff time in the facility setting from the expenses considered in determining the practice expense component of Medicare services'.
 

 [2]
 

 . This eschewal should not be mistaken as any adverse reflection on those other alternative grounds. Indeed, one of Secretary’s contentions really paints Associations into a corner — the argument that if the matters that Associations now target were in fact
 
 judicially
 
 reviewable, Associations have failed to pursue the equally available
 
 administrative
 
 review (in which event
 
 Illinois Council
 
 would come directly into play to bar this lawsuit). And that contention also appears to have a good deal of force.